**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:19-cv-23616-SCOLA/TORRES**

| | |
|---|---|
| VERBENA PRODUCTS LLC d/b/a | ) |
| BEAUTYVICE, a Florida limited liability | ) |
| company, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIERRE FABRE DERMO-COSMETIQUE | ) |
| USA, INC., a Delaware corporation, PIERRE | ) |
| FABRE DERMO-COSMETIQUE, S.A., | ) |
| a foreign limited company, and YELLOW | ) |
| BRAND PROTECTION, INC., a Delaware | ) |
| corporation, | ) |
| | ) |
|       Defendants. | ) |
| _____ | ) |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AS TO ALL**
**DEFENDANTS AND FOR LACK OF PERSONAL JURISDICTION OF DEFENDANT**
**YELLOW BRAND PROTECTION, INC. AND INCORPORATED MEMORANDUM OF**
**LAW**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

JURISDICTIONAL FACTS ........................................................................................... 4

    I.      EACH OF THE COUNTS IN BEAUTYVICE'S COMPLAINT FAILS TO
              STATE A CLAIM ............................................................................................ 4

          A.      Count I Fails to Establish the Actionable Case and Controversy
                   Necessary for a Declaratory Judgment Action Against YBPI ................... 5

          B.      Counts II-IV Fail to State Claims for False Advertising, Unfair
                   Competition and Deceptive Trade Practices ............................................... 7

                  1.      Beautyvice has Failed to Aver the Threshold Requirement
                          for Liability of Commercial Advertising and Promotion .............. 8

                  2.      Beautyvice Otherwise has Failed to State a Prima Facie
                          Claim for False Advertising ........................................................ 10

          C.      Counts V and VI Fail Under the *Noerr-Pennington* Doctrine ................. 11

          D.      Count V Fails to State a Claim for Tortious Interference ......................... 13

    II.     THIS COURT LACKS PERSONAL JURISDICTION OVER YBPI ................. 15

          A.      Beautyvice's Claims Do Not Satisfy the Florida Long-Arm Statute ........ 16

                  1.      The Complaint Fails to Support the Exercise of General
                          Personal Jurisdiction Under Florida's Long-Arm Statute. .......... 17

                  2.      The Complaint Fails To Adequately Support the Exercise
                          of Specific Personal Jurisdiction Under Florida's Long
                          Arm Statute. ................................................................................. 18

CONCLUSION ............................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*3M Co. v. Mohan,*
No. CIV. 09-1413 ADM/FLN, 2010 WL 3200052, at *7 (D. Minn. Aug. 9,
2010) ................................................................................................................... 14

*Am. Dental Ass'n v. Cigna Corp.,*
605 F.3d 1283 (11th Cir. 2010) .............................................................................. 5

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................................................ 4

*Avon Prods., Inc. v. Moroccanoil, Inc.,*
No. 12 CIV. 4507 GBD, 2013 WL 795652 (S.D.N.Y. Mar. 4, 2013) ...................... 7

*Bacardi USA, Inc. v. Young's Mkt. Co.,*
273 F. Supp. 3d 1120 (S.D. Fla. 2016) ................................................................... 6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................. 3, 5, 12, 14

*BNSF Ry. v. Tyrrell,*
137 S. Ct. 1549 (2017) .......................................................................................... 15

*Bolger v. Youngs Drug Prods. Corp.,*
463 U.S. 60, 103 S. Ct. 2875 (1983) ................................................................... 8, 9

*Breckenridge Pharm., Inc. v. Everett Labs.,*
Inc., No. 09-80015-CIV, 2009 WL 654214, at *5 (S.D. Fla. Mar. 11, 2009) .......... 7

*Brown v. Toscano,*
254 F.R.D. 690 (S.D. Fla. 2008) ............................................................................. 5

*Crum & Forster Specialty Ins. Co. v. Lavelle Constr. & Dev. Corp.,*
No. 09-80707-CIV, 2009 WL 10667826 (S.D. Fla. Aug. 20, 2009) ........................ 5

*Dudnikov v. MGA Entm't, Inc.,*
410 F. Supp. 2d 1010 (D. Colo. 2005) .................................................................. 14

*Emory v. Peeler,*
756 F.2d 1547 (11th Cir. 1985) .............................................................................. 6

*Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.,*
687 So. 2d 821 (Fla. 1996) .............................................................................. 13, 14

ii

*Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*,
    859 F. Supp. 1521 (S.D.N.Y. 1994) ................................................................................. 8

*Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*,
    No. C14-0950 RSM, 2014 WL 6452173 (W.D. Wash. Nov. 17, 2014) ......................... 11, 12

*Hickson Corp. v. N. Crossarm Co., Inc.*,
    357 F.3d 1256 (11th Cir. 2004) ....................................................................................... 10

*Holleman v. Aiken*,
    668 S.E.2d 579 (N.C. Ct. App. 2008) .............................................................................. 13

*Honus Wagner Co. v. Luminary Grp. LLC*,
    No. 17-CV-61317, 2017 WL 6547899 (S.D. Fla. Dec. 21, 2017) ...................................... 15

*Howard v. Murray*,
    184 So. 3d 1155 (Fla. Dist. Ct. App. 2015) ..................................................................... 13

*Internet Sols. Corp. v. Marshall*,
    557 F.3d 1293 (11th Cir. 2009) ....................................................................................... 15

*ITL Int'l, Inc. v. Ninoshka, S.A.*,
    No. 01:10-CV-23493-JLK, 2011 WL 471769 (S.D. Fla. Feb. 4, 2011) ......................... 4, 5, 6

*Kadylak v. Royal Caribbean Cruise, Ltd.*,
    No. 14-24149-CIV, 2016 WL 7536430 (S.D. Fla. Feb. 24, 2016) ...................................... 16

*Lee v. Branch Banking & Tr. Co.*,
    No. CV 18-21876-CIV, 2018 WL 5633995 (S.D. Fla. Oct. 31, 2018) ................................ 16

*Louis Vuitton Malletier, S.A. v. Mosseri*,
    736 F.3d 1339 (11th Cir. 2013) .............................................................................. 15, 16, 18

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ........................................................................................................... 5

*Miracle 7, Inc. v. Halo Couture, LLC*,
    No. 13-61643-CIV, 2014 WL 11696708 (S.D. Fla. Jan. 17, 2014) ...................................... 14

*Prentice v. Prentice Colour, Inc.*,
    779 F. Supp. 578 (M.D. Fla. 1991) ................................................................................. 17

*Prof'l Real Estate Inv., Inc. v. Columbia Pictures*,
    508 U.S. 49 (1993) ..................................................................................................... 11, 12

*Prunty v. Arnold & Itkin LLP*,
    753 F. App'x 731 (11th Cir. 2018) ................................................................................... 15

*RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.*,
   362 F. Supp. 3d 1226 (M.D. Fla. 2019) ................................................................ 17

*Sculptchair, Inc. v. Century Arts, Ltd.*,
   94 F.3d 623 (11th Cir. 1996), *reconsideration denied*, No. 17-CV-61317,
   2018 WL 7046957 (S.D. Fla. Jan. 30, 2018) ......................................................... 15

*Seaboard Marine Ltd., Inc. v. Magnum Freight Corp.*,
   No. 17-21815-CIV, 2017 WL 7796307 (S.D. Fla. Dec. 20, 2017) ......................... 17

*Spiral Dir., Inc. v. Basic Sports Apparel, Inc.*,
   151 F. Supp. 3d 1268 (M.D. Fla. 2015) .................................................................. 8

*Suntree Techs., Inc. v. Ecosense Int'l, Inc.*,
   693 F.3d 1338 (11th Cir. 2012) ......................................................................... 7, 8

*Theme Promotions, Inc. v. News Am. Mktg. FSI*,
   546 F.3d 991 (9th Cir. 2008) ............................................................................... 11

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011) .............................................................................. 6

*United Techs. Corp. v. Mazer*,
   556 F.3d 1260 (11th Cir. 2009) ........................................................................... 15

*Waite v. All Acquisition Corp.*,
   901 F.3d 1307 (11th Cir. 2018) ........................................................................... 16

*Windsurfing Int'l Inc. v. AMF Inc.*,
   828 F.2d 755 (Fed. Cir. 1987) ............................................................................... 6

## Statutes

Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a) ............................................... 5

Federal Lanham Act Section 43(a), 15 U.S.C. § 1125(a) ........................................... 7, 8

Fla. Stat. § 48.193 ....................................................................................................... 16

Florida Deceptive and Unfair Trade Practice Act ........................................................... 8

Lanham Act Section 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B) ................................... 8, 10

## Rules and Regulations

Fed. Rule Civ. Proc. 8(a)(2) .......................................................................................... 4

Federal Rules of Civil Procedure Rules 12(b)(2) and 12(b)(6) .............................. 1, 4, 7

U.S. Constitution First Amendment........................................................................... 3, 11

U.S. Constitution Fourteenth Amendment ............................................................. 15, 16

Defendant Yellow Brand Protection Inc. ("YBPI"), and Defendants Pierre Fabre Dermo-Cosmetique USA, Inc.[1] and Pierre Fabre Dermo-Cosmetique, S.A. (both, collectively, "PFDC"), (all three, collectively, "Defendants") respectfully move the Court under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint of plaintiff Verbena Products LLC d/b/a Beautyvice ("Beautyvice") as it pertains to YBPI for lack of personal jurisdiction, and to dismiss Counts II through VI of the amended complaint as to all Defendants for failure to state a claim.

## INTRODUCTION

YBPI is a leading global provider of online anti-counterfeiting services. Beautyvice is an online retailer of cosmetic and beauty care products, which are sold on the website eBay.com. ECF No. 26 (the "Complaint") ¶ 9. YBPI and Beautyvice are not, and are not alleged to be, competitors. YBPI and Beautyvice have no overlapping or competing trademark rights, nor are any such overlapping rights alleged. To the contrary, YBPI's only involvement in the story laid out in the Complaint stems from its issuance of a trademark infringement notice to eBay relating to the trademark rights asserted by other defendants in this action, and one email to Beautyvice. Beautyvice burdens this thin thread of activity with the weight of six causes of action, namely: a claim for declaratory judgment of trademark noninfringement ("Count I"), three different false advertising and unfair competition claims ("Counts II-IV"), one claim for tortious interference ("Count V"), and one defamation claim ("Count VI"). As set forth below, none of these is adequately pled, and each must be dismissed.

PFDC manufactures and sells high quality pharmaceutical and dermocosmetics products around the world, including hair care products under the trademark RENE FURTERER, which is

---

[1] The entity formerly known as Pierre Fabre Dermo-Cosmetique USA, Inc. no longer exists by that name.  Its successor by merger is Pierre Fabre USA Inc., a Delaware corporation.

the subject of incontestable U.S. Federal Trademark Registration No. 1,262,121, based on use since at least as early as 1969, and the trademark PIERRE FABRE, which is the subject of U.S. Federal trademark registrations including incontestable Registration No. 3,574,528, based on use since at least as early as 1983.  YBPI issued the eBay takedown notice on behalf of PFDC.

Count I seeks a declaratory judgment of noninfringement as to certain trademark rights. Complaint ¶¶ 49-58. Nowhere in the Complaint does Beautyvice aver that YBPI seeks to enforce its own trademark rights against Beautyvice. Instead, Beautyvice lumps YBPI, which simply acts on behalf of client rights-holders seeking to enforce their rights, but is not itself a rights-holder, together with PFDC, whose trademark rights are actually at issue in this action. Accordingly, there is no actual dispute between YBPI and Beautyvice over trademark rights, there is no case or controversy, and the Court should dismiss this count for failure to state a claim. Following disposition of this motion, PFDC intends to answer the amended complaint with respect to Count I for declaratory judgment of noninfringement, and to bring counterclaims for trademark infringement and trademark counterfeiting.[2]

Counts II-IV of the Complaint invoke state and federal false advertising causes of action and are premised entirely on YBPI's issuance of a takedown notice to eBay on behalf of  PFDC, and YBPI's one email to Beautyvice. *See* Complaint ¶¶ 59-89, Ex. E. But these acts, which were

---

[2] The basis for PFDC's counterclaims is that Beautyvice sells expired hair care products bearing the RENE FURTERER® and PIERRE FABRE® marks, in violation of PFDC's quality control policy, which strictly prohibits the sale of expired RENE FURTERER® products to U.S. consumers.  A test purchase by PFDC from the Beautyvice eBay store has confirmed that Beautyvice sells expired hair care products bearing PFDC's federally-registered trademarks. Such products are nonconforming and materially different from products that PFDC authorizes for distribution in the United States, and therefore violate PFDC's trademark rights and damage the good will residing in those marks.  The Court need not address the fact of the unlawful nature of Beautyvice's conduct to conclude as a matter of law that Beautyvice has failed to state claims against the defendants.

directed to private entities – eBay and Beautyvice – fail to satisfy the elements of these causes of action. More precisely, Beautyvice fails to allege the actionable commercial advertising and promotion required by each of those counts as a threshold matter, and further fails to allege the prima facie elements of the causes of action recited in those counts.

Counts V and VI for tortious interference and defamation, respectively, are barred by the *Noerr-Pennington* doctrine, which shields litigation and pre-litigation activities from liability under the First Amendment to the U.S. Constitution. To escape application of *Noerr-Pennington* at this stage, Beautyvice must assert non-conclusory allegations that (1) the takedown notice was "objectively baseless" and (2) the subjective goal of each Defendant in issuing the notice was to injure Beautyvice. Because the Complaint lacks any such allegations, these claims fail.

Count V also fails to state a claim for the additional reasons that it (1) does not set forth any business relationship with identifiable customers, and (2) does not allege any facts supporting its conclusory assertions that the takedown notice was improper or unjustified. The Complaint's only recitations as to these elements are threadbare and, accordingly, do not meet the pleading standards under *Twombly* and its progeny, rendering this count fatally infirm.

Separately and independently of Beautyvice's failure to plead a prima facie case of liability under each of the counts in its Complaint, the Court should dismiss this action as to YBPI for the additional reason that it lacks personal jurisdiction over YBPI. Specifically, YBPI has no substantive contacts with Florida sufficient to give rise to general jurisdiction, and it has not directed any specific acts toward Florida concerning the events alleged in the Complaint sufficient to give rise to specific jurisdiction. Accordingly, even if the Court overlooks Beautyvice's failure to state claims against YBPI under each of the counts in the Complaint, Beautyvice also has failed to aver facts supporting an exercise of personal jurisdiction.

## JURISDICTIONAL FACTS

YBPI is based in Boston, Massachusetts, and its only office is located in that city. YBPI therefore has no offices in the state of Florida. Declaration of Klas Karlsson ("Karlsson Decl.") ¶ 7. YBPI has no employees, agents, or contractors in Florida. *Id.* ¶ 8. YBPI has no accounts with banks or other financial institutions in Florida. *Id.* ¶ 9. YBPI has no other assets, such as real estate, in Florida. *Id.* ¶ 10. YBPI has only three active clients located in Florida, as compared to eighty-two other United States clients based outside of Florida. *Id.* ¶ 12. YBPI's clients *do not include defendants Pierre Fabre Dermo-Cosmetique USA, Inc. or Pierre Fabre Dermo-Cosmetique, S.A.* Consequently, YBPI's work for its three Florida-based clients is unrelated to the other parties in this action. *Id.* ¶ 13.

Beautyvice's Complaint alleges only two acts by YBPI: YBPI's issuance of a takedown notice to eBay on behalf of PFDC, and YBPI's one email to Beautyvice. *See* Complaint ¶¶ 7, 38, Ex. E.

## ARGUMENT

### I.  EACH OF THE COUNTS IN BEAUTYVICE'S COMPLAINT FAILS TO STATE A CLAIM

The Court should dismiss each of Beautyvice's six claims against YBPI, and five of the six claims against PFDC, under Rule 12(b)(6) because none states a claim qualifying Beautyvice for the relief it seeks. That rule does not require the Court to accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. Rule Civ. Proc. 8(a)(2)). Consequently, "to survive a motion to dismiss, a complaint must now contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because each count of Beautyvice's Complaint fails to meet this standard, dismissal is appropriate.

### A.    Count I Fails to Establish the Actionable Case and Controversy Necessary for a Declaratory Judgment Action Against YBPI

The Court should dismiss the Complaint's first cause of action for a declaratory judgment of noninfringement as it relates to YBPI because that cause of action fails to establish the existence of an actionable case and controversy between these two parties. Such a case and controversy is necessary for the existence of federal subject-matter jurisdiction under both Article III of the Constitution and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). Dismissal therefore is mandatory unless "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Brown v. Toscano*, 254 F.R.D. 690, 696 (S.D. Fla. 2008) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)); *see also ITL Int'l, Inc. v. Ninoshka, S.A.*, No. 01:10-CV-23493-JLK, 2011 WL 471769, at *1 (S.D. Fla. Feb. 4, 2011) ("It is well settled that the jurisdiction to adjudicate declaratory judgments is equivalent to that of cases and controversies under Article III.").

Here, nothing in Count I of the Complaint (or elsewhere) suggests that Beautyvice and YBPI have adverse legal interests *with respect to YBPI's trademarks* or that Beautyvice has a reasonable apprehension of litigation *brought by YBPI*. For example, Beautyvice does not aver that it uses trademarks similar to those of YBPI, or that it has taken concrete steps to do so.[3]

---

[3] Indeed, because Beautyvice's Complaint is entirely devoid of references to YBPI's marks, YBPI will be unable to respond to Beautyvice's Count I on the merits if the Court allows Beautyvice's Count I to move forward. *See Crum & Forster Specialty Ins. Co. v. Lavelle Constr.*

Likewise, Beautyvice does not aver an interest in making such a use at some remote time in the future. Instead, it seeks only a declaratory judgment that it has not violated the trademark rights *of YBPI's co-defendants*. The Complaint therefore lacks any allegations that Beautyvice itself "has engaged in any course of conduct, or indeed, any conduct at all, that has brought it into adversarial conflict with [YBPI] respecting [YBPI's] trademarks." *Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 607 (D. Nev. 2011) (granting a motion to dismiss declaratory judgment action because "[t]he Plaintiff does not allege that it is actually using the mark in suit or that is has invested substantial resources to use or market the mark").

Moreover, even if Beautyvice's allegations established the existence of adverse legal interests bearing on YBPI's trademark rights, Beautyvice's request for a declaratory judgment against YBPI is fatally deficient for the additional reason that those adverse interests lack the required immediacy. *See Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) ("[T]he continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury."). For example, Beautyvice does not claim that YBPI has filed a trademark infringement action against Beautyvice. *See, e.g.*, *ITL Int'l*, 2011 WL 471769, at *2 (dismissing a declaratory judgment action in part because "there is no evidence that any case has been filed by [the defendant] in any jurisdiction"). The Complaint similarly fails to aver that YBPI has communicated any demands relating to any mark *owned by YBPI. See, e.g.*, *Bacardi USA, Inc. v. Young's Mkt. Co*., 273 F.

---

*& Dev. Corp.*, No. 09-80707-CIV, 2009 WL 10667826, at *3 (S.D. Fla. Aug. 20, 2009) (granting motion to dismiss because "Defendants are generally on notice as to what Plaintiff will assert, but have no notice as to any factual circumstances giving rise to these assertions or how to respond").

Supp. 3d 1120, 1128 (S.D. Fla. 2016) (granting a motion to dismiss based in part on absence of objections by defendant to plaintiff's conduct); *Breckenridge Pharm., Inc. v. Everett Labs*., Inc., No. 09-80015-CIV, 2009 WL 654214, at *5 (S.D. Fla. Mar. 11, 2009) (granting a motion to dismiss because "[the plaintiff] had not yet been charged with infringement of the patent at the time it filed the instant declaratory action").

Simply put, Beautyvice has alleged no facts "demonstrat[ing] that [YBPI] has accused [Beautyvice] of infringing on [YBPI's] trademarks, nor that [YBPI] intends to take action to enforce its . . . trademarks against [YBPI]. Thus, there is no substantial controversy sufficient to warrant the issuance of a declaratory judgment." *Avon Prods., Inc. v. Moroccanoil, Inc*., No. 12 CIV. 4507 GBD, 2013 WL 795652, at *3 (S.D.N.Y. Mar. 4, 2013). The Court therefore should dismiss Beautyvice's first cause of action as it relates to YBPI for failure to state a claim.

**B.     Counts II-IV Fail to State Claims for False Advertising, Unfair Competition and Deceptive Trade Practices**

The Court should dismiss Beautyvice's Count II for false advertising under Section 43(a) of the Federal Lanham Act, 15 U.S.C. § 1125(a), under Rule 12(b)(6) for two independently sufficient reasons: (1) Beautyvice's Complaint contains zero allegations that Defendants have engaged in actionable commercial and promotional acts as required by Section 43(a); and (2) even if it did, those averments would still fail to set forth a prima facie case of liability for false advertising under that section.

Counts III and IV, for common-law unfair competition and statutory deceptive trade practices, are merely cumulative of, and subject to the same tests for liability as, Beautyvice's Section 43(a) cause of action. *See Suntree Techs., Inc. v. Ecosense Int'l, Inc*., 693 F.3d 1338, 1345 (11th Cir. 2012) ("[The plaintiff] contends that the district court erroneously concluded that the legal analysis is the same for all three counts in [the plaintiff's] complaint: violations of the

7

Lanham Act, FDUPTA, and Florida state common law for infringement and unfair competition. We disagree."); *Spiral Dir., Inc. v. Basic Sports Apparel, Inc*., 151 F. Supp. 3d 1268, 1278 (M.D. Fla. 2015) ("As a preliminary matter, the analysis for unfair competition and trademark infringement under the Lanham Act (Count 5), the Florida Deceptive and Unfair Trade Practice Act (Count 6), and Florida common law (Count 7) is the same."). The Court therefore should dismiss them for the same reasons.

       1.       **Beautyvice has Failed to Aver the Threshold Requirement for Liability of Commercial Advertising and Promotion**

Counts II-IV fail to state a claim and must be dismissed because they do not establish that the challenged statements constitute "commercial advertising or promotion" as required for liability under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). In this Circuit and elsewhere:

> In order for representations to constitute "commercial advertising or promotion" under Section 43(a), they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Suntree Techs.*, 693 F.3d at 1349 (quoting *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994)). But Beautyvice's Complaint alleges *none* of these elements.

First, as to commercial speech – the only "speech" allegedly engaged in is the takedown notice issued to eBay, and one email to Beautyvice. Complaint ¶¶ 7, 38, Ex. E. These non-public communications are a far cry from the "commercial speech" contemplated by the Lanham Act, and fail to adequately support Beautyvice's claim. *See Bolger v. Youngs Drug Prods. Corp*., 463 U.S. 60, 66–68, 103 S. Ct. 2875, 2880–81 (1983) (commercial speech requires some

combination of: (i) proposing a commercial transaction, (ii) public-facing advertising, and (iii) economic motivation). Here, none of the elements discussed in *Bolger* are present – no commercial transaction is proposed, no public-facing advertisements are identified, and no economic motivation exists on YBPI's part other than receiving payment for its services from its customer.  The Complaint alleges some economic motivation on the part of PFDC, but an attempt to demonstrate economic motivation under the third element with respect to PFDC does not remedy the complete lack of allegations relevant to the first two elements.

Second, Beautyvice does not allege it competes with YBPI, almost certainly because it is patently obvious that is not the case. Beautyvice is an online retailer of beauty care products, which it sells via eBay. Complaint ¶ 9. YBPI does not sell beauty care products – on eBay, or anywhere else. It provides online anti-counterfeiting services – a market that has nothing whatsoever to do with Beautyvice's (legitimate) business activities.

Third, Beautyvice does not, and cannot, allege that YBPI has attempted to convince anyone to buy its own services instead of Beautyvice's products. A private takedown notice to eBay, and a single email by eBay to Beautyvice, have no logical or coherent link to the kind of consumer-directed communications contemplated by this statute. Put differently, a non-public takedown notice and non-public email cannot possibly be construed as an attempt to influence anyone to purchase products from YBPI.

Finally, and at the risk of redundancy, the two communications identified by Beautyvice were not disseminated to the public *at all*, let alone to the relevant purchasing public. The takedown notice was sent to eBay, and the one email identified by Beautyvice was sent only to Beautyvice. Such behavior cannot possibly constitute "advertising" or "promotion" as required by the Lanham Act.

9

In sum, Beautyvice has identified only two communications, neither of which remotely resembles the type of consumer-oriented, competitive, promotional, commercial speech necessary to support a false advertising claim. Beautyvice therefore has failed adequately to plead Counts II-IV, and the Court should dismiss those causes of action as a result.

### 2. Beautyvice Otherwise has Failed to State a Prima Facie Claim for False Advertising

Even if the challenged statements qualified as commercial advertising and promotion (and they do not), Beautyvice still failed to state a prima facie case of false advertising:

> To succeed on a false advertising claim under § 43(a)(1)(B) of the Lanham Act, a plaintiff must establish that (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been—or is likely to be—injured as a result of the false advertising.

*Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). In particular, Beautyvice has failed to allege *any* facts supporting the second and third elements listed in *Hickson*. The non-public takedown notice was issued only to eBay, and the one email identified in the Complaint was sent only to Beautyvice. Complaint ¶¶ 7, 38, Ex. E. Accordingly, neither communication deceived, or had the capacity to deceive, consumers, because neither communication is alleged to have *ever reached consumers*. Likewise, also because these communications *never reached consumers*, they could not have materially affected the purchasing decisions of any consumers. Because Beautyvice has failed to allege these two necessary prerequisites for its false advertising claims, the Court should dismiss Claims II-IV for this additional reason.

C.      **Counts V and VI Fail Under the *Noerr-Pennington* Doctrine**

Counts V and VI, for tortious interference and defamation, respectively, fail to state a claim and must be dismissed because they concern activities protected under the First Amendment to the U.S. Constitution. More precisely, under the *Noerr-Pennington* doctrine, the filing of a lawsuit, as well as conduct "incidental to a lawsuit," including a trademark infringement notice, are protected from liability, so long as it does not "fall into the realm of 'sham litigation.'" *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc*., No. C14-0950 RSM, 2014 WL 6452173, at *2 (W.D. Wash. Nov. 17, 2014), aff'd sub nom. *Hard2Find Accessories, Inc. v. Amazon.com, Inc*., 691 F. App'x 406 (9th Cir. 2017), quoting *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008). To overcome *Noerr-Pennington*, a plaintiff must allege that (1) the underlying activity was "objectively baseless" in that no reasonable party could have expected success on the merits, and (2) the defendant must have had a subjective intent to injure the plaintiff. *Prof'l Real Estate Inv., Inc. v. Columbia Pictures*, 508 U.S. 49, 60 (1993). Beautyvice fails both prongs of this test.

    *Hard2Find Accessories* presents a fact pattern that is nearly identical to the instant dispute. In that case, Apple issued a trademark takedown notice to Amazon.com concerning certain counterfeit iPad Smart Covers being sold by Hard2Find Accessories. *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc*., 58 F. Supp. 3d 1166, 1169 (W.D. Wash. 2014), aff'd sub nom. *Hard2Find Accessories, Inc.*, 691 F. App'x 406. The seller sued Apple for, as relevant here, tortious interference and defamation. *Hard2Find Accessories*, 2014 WL 6452173, at *2. Apple moved to dismiss on the ground that such takedown notices are immunized under the *Noerr-Pennington* doctrine. *Id.* The district court found that (i) *Noerr-Pennington* applies to such takedown notices, (ii) plaintiff failed to allege facts sufficient to show that the takedown notice was "objectively baseless," and (iii) plaintiff failed to allege facts sufficient to show that Apple's

motivation in issuing the letter was unlawful. *Id.* Accordingly, the plaintiff's claims for tortious interference and defamation were dismissed without leave to replead. *Id* at *3-4.

The same outcome is appropriate in this case, where the purported liability arises exclusively from the issuance of a single trademark infringement notice to eBay concerning PFDC's – and not YBPI's – trademark rights. Beautyvice's attempts to pad its Complaint with new facts sufficient to survive a motion to dismiss do not even meet the *Twombly* standard, let alone satisfy the test articulated in *Prof'l Real Estate*. Moreover, the Complaint lacks even a conclusory assertion that the takedown notice was "objectively baseless." Absent such averments, Counts V and VI fail to overcome *Noerr-Pennington*, and must be dismissed as to all Defendants.

Because Beautyvice has not and cannot allege that the eBay infringement notice was "objectively baseless," the inquiry must end at the first prong of the *Noerr-Pennington* test. *Hard2Find Accessories*, 2014 WL 6452173, at *3-4.  However, even if Beautyvice managed to satisfy the first prong of the *Noerr-Pennington* test, it still fails at the second prong, as the Complaint is devoid of non-conclusory allegations that Defendants' *subjective intent* in issuing a takedown notice to eBay was unlawful. *See, e.g.*, Complaint ¶ 45 ("Defendants' wrongful acts alleged in this Complaint are willful and deliberate."), ¶ 64 (Defendants "knowingly made false, misleading, and defamatory statements…"). This is, no doubt, because there is no logically defensible explanation for why an anti-counterfeiting service provider like YBPI would willfully violate the law to intentionally harm a cosmetic products e-retailer. Indeed, such willfulness on YBPI's part would cause substantial harm to YBPI's own brand, and would be manifestly counter to its business interests. Yet the Complaint offers no explanation for why YBPI would take such a risk at all, let alone for the sole purpose of injuring Beautyvice.

In light of the foregoing, Beautyvice's fifth and sixth claims for tortious interference and defamation, respectively, fail and must be dismissed.

### D.    Count V Fails to State a Claim for Tortious Interference

Count V for tortious interference also fails for the additional reason that Beautyvice has not alleged several key elements of the claim. Under Florida law:

> Four elements are required to establish tortious interference with a contractual or business relationship: (1) the existence of a business relationship or contract; (2) knowledge of the business relationship or contract on the part of the defendant; (3) an intentional and unjustified interference with the business relationship or procurement of the contract's breach; and (4) damage to the plaintiff as a result of the interference.

*Howard v. Murray*, 184 So. 3d 1155, 1166 (Fla. Dist. Ct. App. 2015). Here, Beautyvice alleges that the defendants unlawfully interfered with: (1) alleged contracts between Beautyvice and "customers that purchased products through the eBay marketplace"; and (2) Beautyvice's contract with eBay. Complaint ¶ 91.

The first of these claims is fatally insufficient because "to establish the tort of tortious interference with a business relationship, the plaintiff must prove a business relationship with identifiable customers." *Ferguson Transp., Inc. v. N. Am. Van Lines, Inc*., 687 So. 2d 821, 821 (Fla. 1996); *cf. Holleman v. Aiken*, 668 S.E.2d 579, 590 (N.C. Ct. App. 2008) (affirming dismissal of tortious interference claim under North Carolina law because "plaintiff could have had only a hope or expectation of future book sales through eBay, as here again she did not allege the existence of a valid contract with any buyer which was formed through eBay"). Here, Beautyvice fails to precisely identify *any* customers – instead referring generally to "customers that purchased products through the eBay marketplace." Complaint ¶ 91 ("Plaintiff maintained a business relationship with eBay and customers that purchased products through the eBay

13

marketplace.") As *Ferguson* makes clear, this sort of relationship is insufficient to support a claim for tortious interference.

With respect to the alleged interference with Beautyvice's relationship with eBay, "[c]ourts routinely reject tortious-interference claims based on good-faith efforts to enforce intellectual property rights." *Miracle 7, Inc. v. Halo Couture, LLC*, No. 13-61643-CIV, 2014 WL 11696708, at \*4 (S.D. Fla. Jan. 17, 2014); *cf. Dudnikov v. MGA Entm't, Inc.*, 410 F. Supp. 2d 1010, 1018-19 (D. Colo. 2005) (applying Colorado law and holding that the assertion of intellectual property rights leading to the termination of an on-line eBay auction does not amount to tortious interference with prospective business relations); *3M Co. v. Mohan*, No. CIV. 09-1413 ADM/FLN, 2010 WL 3200052, at \*7 (D. Minn. Aug. 9, 2010) (dismissing tortious interference claim under Minnesota law because "[a] trademark holder may legally take action if it believes that its trademarks are being infringed"), *aff'd*, 482 F. App'x 574 (Fed. Cir. 2012).

Here, Beautyvice's *only* allegations regarding whether Defendants' acts were justified are conclusory assertions that fail to meet the pleading standard set forth in *Twombly*. *See* Complaint ¶ 45 (asserting that "Plaintiff is informed and believes, and thereon alleges, that Defendants' wrongful acts alleged in this Complaint are willful and deliberate," but providing no basis for that belief); *id.* ¶ 93 (Defendants "intentionally and unjustifiably interfered with these business relationships by sending false and unsupported takedown notices to eBay relating to Plaintiff's Accused Listings.") These two paragraphs reflect the entire substance of Beautyvice's allegations that Defendants committed "intentional and unjustified interference" with Beautyvice's relationship with eBay. Clearly, these are little more than speculation, unsupported by any actual factual averments whatsoever. Because Beautyvice's threadbare assertions are facially insufficient, the Court should dismiss its claim for tortious interference.

## II.        THIS COURT LACKS PERSONAL JURISDICTION OVER YBPI

Florida law governs this Court's exercise of personal jurisdiction. *See Honus Wagner Co. v. Luminary Grp. LLC*, No. 17-CV-61317, 2017 WL 6547899, at *7 (S.D. Fla. Dec. 21, 2017) (citing *Sculptchair, Inc. v. Century Arts, Ltd*., 94 F.3d 623, 626-27 (11th Cir. 1996), *reconsideration denied*, No. 17-CV-61317, 2018 WL 7046957 (S.D. Fla. Jan. 30, 2018)). A plaintiff seeking to exercise personal jurisdiction over a nonresident defendant bears the initial burden of alleging sufficient facts to make a prima facie case of personal jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Even if the plaintiff successfully pleads the existence of personal jurisdiction, the defendant still can make an evidentiary showing that the court lacks personal jurisdiction, which may be raised through affidavits, documents, or testimony. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). If the defendant is successful, the burden then shifts back to the plaintiff to "prove jurisdiction by affidavits, testimony or documents." *Id.* (citation omitted).

"We consider two questions in resolving personal jurisdiction: (1) whether personal jurisdiction exists over the nonresident defendant[s] under Florida's long-arm statute, and (2) if so, whether the exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731 (11th Cir. 2018) (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013)). The Supreme Court has recently reiterated its precedent that an out-of-state corporation's mere incidental presence in a state is insufficient to establish jurisdiction. *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1554 (2017). "Our precedent, however, explains that the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not 'at home' in the State and the episode-in-suit occurred elsewhere." *Id*.

15

### A.      Beautyvice's Claims Do Not Satisfy the Florida Long-Arm Statute

YBPI is not subject to an exercise of personal jurisdiction in either of the two ways

contemplated by the Florida long-arm statute:

> First, a defendant is subject to 'specific personal jurisdiction—that is, jurisdiction
> over suits that arise out of or relate to a defendant's contacts with Florida'—for
> conduct specifically enumerated in the statute[, Fla. Stat. § 48.193]. Second, a
> defendant is subject to 'general personal jurisdiction—that is, jurisdiction over
> any claims against a defendant, whether or not they involve the defendant's
> activities in Florida—if the defendant engages in 'substantial and not isolated
> activity in Florida.'

*Lee v. Branch Banking & Tr. Co*., No. CV 18-21876-CIV, 2018 WL 5633995, at *2 (S.D. Fla.

Oct. 31, 2018) (quoting *Waite v. All Acquisition Corp*., 901 F.3d 1307, 1312 (11th Cir. 2018)).

General jurisdiction exists only if a defendant has engaged in "substantial and not

isolated activity within [Florida]…whether or not the claim arises from that activity." Fla. Stat.

§ 48.193(2). The Southern District of Florida has held that "substantial and not isolated activity"

is equivalent to the standard of "continuous and systematic" general business contact under the

Supreme Court's jurisprudence on jurisdiction and the Due Process Clouse of the Fourteenth

Amendment. *Kadylak v. Royal Caribbean Cruise, Ltd.*, No. 14-24149-CIV, 2016 WL 7536430,

at *2 (S.D. Fla. Feb. 24, 2016).

Florida Courts apply a three-part due process test to determine the propriety of an

exercise of specific personal jurisdiction. It examines: (1) whether the plaintiff's claims "arise

out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the

nonresident defendant "purposefully availed" himself of the privilege of conducting activities

within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the

exercise of personal jurisdiction comports with "traditional notions of fair play and substantial

justice." *Louis Vuitton Malletier, S.A.,* 736 F.3d at 1355.

1.      **The Complaint Fails to Support the Exercise of General Personal Jurisdiction Under Florida's Long-Arm Statute.**

Beautyvice fails to plead a sufficient basis for an exercise of general personal jurisdiction over YBPI in the State of Florida. Beautyvice generally asserts that (1) YBPI "offers its services to customers through the world [sic]," and (2) YBPI "has several customers in the State of Florida." Complaint ¶ 7. First, it is beyond reasonable dispute that offering services "through[out] the world" provides no basis for general jurisdiction in *this district*. Indeed, this Court has found that "in order to withstand a motion to dismiss based on a lack of personal jurisdiction, a plaintiff must plead specific facts sufficient to demonstrate jurisdiction over the non-resident defendant." *Seaboard Marine Ltd., Inc. v. Magnum Freight Corp*., No. 17-21815-CIV, 2017 WL 7796307, at *2 (S.D. Fla. Dec. 20, 2017). In *Seaboard*, the Court found that even the vague generality that a defendant had "regular, systematic, and continuous contact within Florida" was not enough to establish a prima facie showing of general jurisdiction. *Id*. The same outcome is appropriate here.

Beautyvice's argument that YBPI has "several customers" in Florida, without more, likewise fails as a basis for exercise of general jurisdiction. In fact, YBPI's sole contacts with Florida involve just three customers, *none of which include the other defendants in this action*, and which constitute a tiny fraction of YBPI's total business. Karlsson Decl. ¶¶ 12-13. Such miniscule contacts are patently insufficient to establish general jurisdiction. *See RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.*, 362 F. Supp. 3d 1226, 1233–34 (M.D. Fla. 2019) (declining to exercise general jurisdiction based on allegations that defendant had an "interactive sales website" accessible in Florida, shipped hundreds of products, totaling 7% of its total sales, to Florida, sent employees to Florida trade shows, and more); *Prentice v. Prentice Colour, Inc*., 779 F. Supp. 578, 584–85 (M.D. Fla. 1991) (declining to exercise general jurisdiction based on

allegations of actively soliciting business in Florida via phone calls, travel to the state for in-person meetings, in-state seminars, and related activities).

### 2. The Complaint Fails To Adequately Support the Exercise of Specific Personal Jurisdiction Under Florida's Long Arm Statute.

Beautyvice also has failed sufficiently to plead a basis for specific jurisdiction because Beautyvice's claims do not arise from YBPI's *de minimis* activities within the State of Florida. Beautyvice alleges only two specific acts by YBPI: the issuance of a takedown notice to eBay on behalf of the other defendants, and YBPI's one "form" email to Beautyvice. *See* Complaint ¶¶ 7, 38, Ex. E. Only the first of these acts—the takedown notice—could even conceivably give rise to any of Beautyvice's causes of action. But the Complaint contains only bald, conclusory allegations (*see, e.g.*, Complaint ¶ 7 (YBPI issued the takedown notice "with the knowledge and intent that the takedown would have an effect on a resident of the State of Florida")) that this takedown notice – which was issued to eBay, not Beautyvice – was in any way directed toward the Southern District of Florida, such that the YBPI "purposefully availed" itself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws. *Louis Vuitton Malletier, S.A.,* 736 F.3d at 1355. Even if this conclusory assertion were true (it is not), the exercise of personal jurisdiction based only on the issuance of a single takedown notice to eBay manifestly fails to comport with traditional notions of fair play and substantial justice. *Id.* Accordingly, Beautyvice has failed to allege, and cannot demonstrate, specific jurisdiction over YBPI in this district, and its Complaint must be dismissed as to YBPI.

### CONCLUSION

For the reasons set forth above, the Court should dismiss with prejudice Beautyvice's claims against YBPI in their entirety, and dismiss with prejudice Counts II through VI against PFDC.

DATED: November 18, 2019

**Kilpatrick Townsend & Stockton LLP**


Theodore H. Davis, Jr.
(admitted *pro hac vice*)
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309-4528
E-mail: tdavis@kilpatricktownsend.com
Telephone: (404) 815-6534

Bryan Wolin
(admitted *pro hac vice*)
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
E-mail: bwolin@kilpatricktownsend.com
Telephone: (212) 775-8735

Respectfully submitted,

**Lott & Fischer PL**

*/s/ Leslie J. Lott*
Leslie J. Lott
Florida Bar No. 182196
E-mail: ljlott@lottfischer.com
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, Florida 33134
Telephone: (305) 448-7089

*Attorneys for Defendant*
*Yellow Brand Protection, Inc.*


**Foley Hoag LLP**

*/s/ Madeleine K. Rodriguez*
Florida Bar No. 115796
mrodriguez@foleyhoag.com
Nicole Kinsley, *pro hac vice*
nkinsley@foleyhoag.com
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1185

Natasha Reed, *pro hac vice*
nreed@foleyhoag.com
Daniel Schimmel, *pro hac vice*
dschimmel@foleyhoag.com
1301 Avenue of the Americas
New York, NY 10019
Telephone: (646) 927-5500

*Attorneys for Defendants Pierre Fabre*
*Dermo-Cosmetique USA, Inc. and Pierre*
*Fabre Dermo-Cosmetique, S.A.*

19